UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| DOROTHY UWAKWE;  )  <br>     Plaintiff. ) <br> ) <br> v. ) <br> ) <br> ) <br> PELHAM ACADEMY; ) <br> JUSTICE RESOURCE INSTITUTE, INC. ) <br>     Defendants. ) <br> ) | **C.A. No. 17-cv-10558-FDS.** |

## PLAINTIFF'S RESPONSE TO THE COURT'S ORDER OF SEPTEMBER 1, 2017.

In response to the Court's Order of September 1, 2017, plaintiff respectfully submits this memorandum of law and states that she is entitled to summary judgment in this case as a matter of law. Plaintiff therefore respectfully asks this court to enter summary judgment in her favor and default defendants because it is undeniably clear that defendants have committed fraud on this court. Plaintiff further refers this Court to her Motion to Strike (Doc. 18) and the submissions therein. Defendants have admitted committing fraud on this court and they have not contested any of the submissions contained in the plaintiff's Motion to Strike. Plaintiff hereby incorporates the said motion (Doc. 18) herein, relies on it and makes it part of his submissions herein.

1

In further support of her position and request for summary judgment, plaintiff states that:

1. **PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AGAINST DEFENDANTS.**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Rodgers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990). The nonmoving party "must adduce specific, provable facts demonstrating that there is a triable issue." Id., *quoting* Brennan v. Hendrigan, 888 F.2d 189, 191 (1st Cir. 1989). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Lobby, Inc., 477 U.S. 242, 247-248 (1986) (emphasis original).

Plaintiff respectfully submits that she is entitled to summary judgment as a matter of law in this case; and defendants' unsupported and speculative statements of belief are insufficient to survive a motion for summary judgment in plaintiff's favor. Shapiro Equip. Corp. v. Morris & Son Constr. Corp., 369 Mass. 968, 341 N.E.2d 668 (1976).

In the present case, the main contention is whether plaintiff filed the civil action within the 90 days of her receipt of the right-to-sue notice/letter

from the EEOC. Plaintiff categorically states that she received the Notice of Right to Sue from the EEOC on January 3, 2017 through an email sent to her Attorney by the EEOC. Thereafter, plaintiff filed this civil action within the 90 days of the date of receipt, as mandated by 42 U.S.C. Section 2000e-5(f)(1). However, defendants have conclusorily continued to speculate and argue that they received the Notice about June 17, 2016 and that plaintiff must have or ought to have received it at the same time. This speculative argument by the defendants is meritless and cannot survive plaintiff's request and motion for summary judgment, because in summary judgment, the non-moving party, as the defendants in this case, "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1986). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48. This court is therefore requested to enter summary judgment in plaintiff's favor.

    Plaintiff further states that defendants' unsupported statements of belief is insufficient to survive a summary judgment motion. See Shapiro Equip. Corp. v. Morris & Son Constr. Corp., 369 Mass. 968, 341 N.E.2d 668 (1976); Sereni v. Star Sportswear Mfg. Corp., 24 Mass.App.Ct. 428, 433,

509 N.E.2d 1203 (1987). Plaintiff is therefore entitled to summary judgment.

Furthermore, plaintiff respectfully states that Title VII provides that claimants have ninety days to file a civil action **after receipt** of the Notice from the EEOC. Nilsen v. City of Moss Point, Miss., 674 F.2d 379, 381 (5th Cir. 1982) (citing 42 U.S.C. Section 2000e-5(f)(1)(1994)). Title VII does not start to count the 90 days from the time of the defendants' alleged or speculated receipt of the Notice. Bunch v. Bullard, 795 F.2d 384, 387-88 (5th Cir. 1986) (holding that the ninety-day period within which a plaintiff has to file a claim against an employer begins to run, not when the right-to-sue letter is issued by the EEOC, but when the plaintiff received the letter). However, in the present case, defendants are reading the law upside down. This court should therefore grant summary judgment to plaintiff and disregard defendants' speculations and baseless suppositions.

**Plaintiff further states that the 90-day period does not start running until the claimant (or her agent) actually receives the right-to-sue letter from the EEOC**. See, e.g. Prince v. Stewart, 580 F.3d 571, 574 (7th Cir. 2009) (explaining that the limitations period begins to run "when the claimant receives the letter, not when it was sent"); Threadgill v. Moore, U.S.A., Inc., 269 F.3d 848, 849-50 (7th Cir. 2001) (noting that the actual receipt of right-to-sue notice by claimant or her attorney starts 90-day

period. See also Kerr v. McDonald's Corp., 427 F.3d 947, 952 (11th Cir. 2005) (90 days runs from date of receipt of notice); Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002 (same). In this case, plaintiff received the right-to-sue letter on January 3, 2017 and file this civil action within 90 days on April 1, 2017. Defendants have not reasonably controverted this fact. Additionally, defendants ought to have obtained affidavit(s) from the EEOC if they are genuinely in doubt as to when plaintiff received the notice-of-right to sue letter from the EEOC. But defendants have failed to do so, and instead, they have baselessly continued to speculate. This court is therefore requested to grant summary judgment to plaintiff in the interest of justice.

2.  **DEFENDANTS COMMITTED FRAUD ON THE COURT AND SHOULD THEREFORE BE DEFAULTED. SUMMARY JUDGMENT SHOULD ENTER IN FAVOR OF PLAINTIFF**.

In defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, defendant deliberately committed fraud on this court and knowingly and deceptively misrepresented facts to mislead this court and to derail the course of justice. As a result of defendants' conduct, plaintiff filed a motion to strike defendants' Reply and specifically pointed out the several frauds committed on this court by the defendants. Defendants, by their conduct, have admitted committing fraud on this court, and till date,

defendants have neither responded to plaintiff's motion nor contradicted any of the allegations of frauds against them because they acted with deliberation to deceive this court. Plaintiff therefore requests this court to default defendants and award him summary judgment because defendants' have by their frauds on this court, set in motion some unconscionable schemes to deceive this court and interfere with the administration of justice.

"A `fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. at 598, quoting from Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989).

When faced with a finding of fraud on the court, "[t]he judge has broad discretion to fashion a judicial response warranted by the fraudulent conduct." Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. at 598. The judge should seek "to secure the full and effective administration of justice." O'Coin's, Inc. v. Treasurer of the County of Worcester, 362 Mass. at 514. Judges may exercise their inherent powers to fashion remedies that not only realistically protect the integrity of the pending litigation, but that also

6

"send an appropriate message to those who would so abuse the courts of the Commonwealth." <u>Munshani v. Signal Lake Venture Fund II, LP</u>, 60 Mass. App. Ct. at 721. When courts invoke their inherent authority to fashion remedies to respond to fraud on the court, "lack of statutory authorization . . . is immaterial." <u>Brach v. Chief Justice of the Dist. Ct. Dept</u>., <u>386 Mass. 528</u>, 535 (1982).

**It is well established that, upon a finding of fraud on the court, judges may enter default judgments**, dismiss claims, or dismiss entire actions. See <u>Rockdale Mgmt. Co. v. Shawmut Bank, N.A</u>., 418 Mass. at 598-599; <u>Munshani v. Signal Lake Venture Fund II, LP</u>, 60 Mass. App. Ct. at 721. In cases where an attorney has committed fraud on the court, judges have used their inherent authority to suspend or disbar the attorney. See <u>Matter of Neitlich</u>, 413 Mass. at 423-425; <u>Matter of Otis</u>, <u>438 Mass. 1016</u> , 1017 (2003). Common to these cases is the notion that judges have the authority to fashion remedies that will protect the integrity of the courts, and that will discourage the public from attempting to use the courts to perpetuate fraudulent schemes. See <u>Munshani v. Signal Lake Venture Fund II, LP</u>, supra. Plaintiff respectfully states that since it is doubtlessly obvious that defendants committed fraud on this court by filing a Reply inundated with deliberate lies and fraudulent misrepresentations, plaintiff asks this court to default defendants and enter summary judgment for her. Since

defendants willfully committed fraud on this court to derail the course of justice, this court should act to protect its integrity and the administration of justice.

3. **<u>NOTWITHSTANDING DEFENDANTS' MISREPRESENTATIONS IN THEIR REPLY (DOC. 17), DEFENDANTS ARE STILL REMORSELESSLY COMMITTING FURTHER FRAUDS ON THIS COURT.</u>**

Defendants' are still committing fraud on this court and testing the authority of this Court to protect the integrity of the administration of justice in this case. On page 3 of the defendants' present filing (Doc. 21), they have further misrepresented that plaintiff did not respond to the EEOC's email of January 3, 2017. Contrary to defendants' deceptive submission, please see **Exhibit A** hereto and addressed as "Dear Mr. Pino." In that email, plaintiff's counsel categorically informed Mr. Pino that he was receiving the Notice on January 3, 2017. Plaintiff therefore respectfully asks the court to default defendants and grant her summary judgment in this case. Defendant will never get tired of trying to deceive this court until this court severely sanctions them, defaults them and makes an entry of summary judgment in plaintiff's favor. See also **Exhibit B**, plaintiff's email requesting for the right-to-sue letter from the EEOC. Plaintiff further states that the email received from EEOC on January 3, 2017 contained only one right-sue-notice, although the said single Notice contained the two EEOC Charge Numbers for the two defendants. **Please see Exhibit C.** Notwithstanding

this, defendants have continued to misrepresent facts and embellish the truth and commit fraud on this court.

## CONCLUSION.

Based on the submissions herein and on the submissions made in the documents filed in opposition to defendants' motion to dismiss and plaintiff's motion to strike, plaintiff respectfully requests this Court to grant her summary judgment and default defendants in this case. Defendants should never be compensated for their frauds on this Court. Defendant's motion to dismiss should therefore be denied in the interest of justice.

                                      Respectfully by the Plaintiff,
                                      Through Counsel,

                                      /s/ Benneth O. Amadi
                                      Benneth O. Amadi, Esquire
                                      BBO# 646232
                                      204 Blossom St. Extension, Suite A
                                      Lynn, MA 01901
                                      781-581-5144
                                      bamadilaw@verizon.net

September 19, 2017.

## CERTIFICATE OF SERVICE

I hereby certify that this document was on September 19, 2017, filed through the ECF system and electronically served on all the registered participants as identified in the Notice of Electronic Filing (NEF), and paper copies sent to identified non-registered participants.

                                      /s/ Benneth O. Amadi
                                      Benneth O. Amadi, Esquire.